IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-434-JPG |
| | ) | |
| ROGER D. MULCH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks relief for alleged violations of his civil rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Briefly, while Plaintiff was a pretrial detainee awaiting trial in Cook County, Illinois, he was briefly held in the Jefferson County Jail (Jail) located in Mt. Vernon, Illinois.  While he was at the Jail, he was attacked and beaten by approximately seven other detainees.  Plaintiff contends that "Jail security stood by watching for several minute[s] and waited for the security team to get together to come in . . . [and] stop the beating."  Immediately after the attack, Plaintiff was taken to a hospital.  As a result of the attack, Plaintiff contends that he suffered injuries to his head, face, hand, and other body parts.

## DISCUSSION

In the caption of his complaint, Plaintiff named as defendants Roger. D. Mulch, Sheriff of Jefferson County; Randy Pollard, a captain at the Jail; "Jhon and Jane Does 1 through 100"; and Thomas Dart, Sheriff of Cook County.  Additionally, it appears that Plaintiff seeks relief against Jefferson County, Illinois (County).  Beyond being named in the caption of the complaint, however,

there are no allegations in the body of the complaint indicating how each defendant is directly and personally responsible for the alleged deprivations of Plaintiff's rights. A plaintiff cannot state a claim against a defendant by simply including the defendant's name in the caption. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Furthermore, the doctrine of *respondeat superior* does not apply to § 1983 actions. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions).

In ¶12 of his complaint, Plaintiff alleges that the Jefferson County Sheriff's Office is allows prison guards to " use excessive force with impunity," but the facts of Plaintiff's case do not involve the use of excessive force by the *guards*. Instead, the gravamen of Plaintiff's complaint is that he was beat up by other *inmates*. Indeed, Plaintiff's primary complaint is that the guards at the Jail did not respond immediately.

With respect to his allegation that Jail staff did not immediately rush in to break up the attack, but instead waited until a security team assembled, a prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put the guarad in significant jeopardy. *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007). Where, as here, Plaintiff was attacked by approximately seven other detainees, it is not reasonable to infer that waiting for a security team to assemble constituted "deliberate indifference" to Plaintiff's need to be protected. For all of these reasons, Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915A.

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**Dated: March 1, 2010.**

                                                      s/ J. Phil Gilbert
                                                     U. S. District Judge